IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSALIND TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10-CV-82-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.  Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

pursuant to 42 U.S.C. § 405 (g).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

> To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issue

**A. Introduction.** The plaintiff was 41 years old at the time of the hearing before the ALJ and has a 12th grade education. The plaintiff's prior work experience includes

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

work as a assembly line production operator, nurse assistant, cashier and secretary.

Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of hypertension and asthma.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform a limited range of sedentary work and could return to her prior relevant work as a secretary.

      **B.  The Plaintiff's Claim.**  As framed by the plaintiff, the sole issue presented is this.

> Does substantial evidence support the ALJ's step four decision that Ms. Tolbert can return to past relevant work as a unit secretary, when the hypothetical posed to the vocational expert does not match the claimant's Residual Functional Capacity (RFC) assessment?

(Pl. Br. at 1)

### IV.  Discussion

      At the hearing before the ALJ, the ALJ posed the following hypothetical to the vocational expert.

> I'd like you to assume that we have a hypothetical claimant with the same or similar vocational background for that as the claimant here today.  And that the claimant is capable of a full range of light work, however, there are going to be exceptions to this. One is which there would be a sit/stand option and the other is that there would be no more occasional handling, fingering, or feeling regarding her left hand  . . .   In other words, I'm putting in a left~hand limitation together with a sit/stand option  . . .   it was a, a, a light work residual functional capacity with a sit/stand option, and no more than occasional as described, fingering, feeling, and handling of, of the left upper extremity.

(R. at 55-56)

In his opinion, the ALJ described the plaintiff's residual functional capacity.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of sedentary work as defined in 20 CFR 404.1567(b). The claimant can perform those jobs which do not require her to stand longer than 1 to 1 ½ hours a day with an option to sit after 30 minutes, walk longer than 1 ½ hours a day with an option to rest after 30 minutes, or sit longer than six hours with an option to sit or stand in 2 hours. The claimant can perform jobs where she would be required to only occasionally push or pull with her left arm or leg, climb ramps or stairs, balance, crouch, or crawl. She could frequently stoop, kneel, and perform gross manipulative movements, as well as perform fine manipulative movements such as handling, fingering and reaching overhead. The claimant can constantly push or pull with her right arm and leg. The claimant also is capable of constantly performing manipulative movements such as feeling, as well as performing communication skills such as talking and hearing. The claimant should not be exposed to working in high, exposed places. The claimant can be frequently exposed to extreme cold, heat, wetness, humidity, and vibration. However, she could only occasionally be exposed to fumes, noxious odors, dust, mists, gases or poor ventilation. The claimant could only occasionally have proximity to moving mechanical parts. She could only occasionally drive automotive equipment. The claimant can constantly carry or lift up to 10 pounds, frequently lift or carry up to 12 pounds, and occasionally lift or carry up to 15 pounds.

(R. at 19-20)

The Commissioner admits that the hypothetical posed to the vocational expert "did not track every limitation the ALJ ultimately included in his assessment of Plaintiff's residual functional capacity . . ." (Comm'r Br. at 8)  However, the Commissioner argues that any error is harmless.  The court agrees.

The plaintiff frames the issue in a manner which presumes that the ALJ's decision was based solely on the testimony of the vocational expert.  The record belies that

contention.  It is correct that the ALJ stated, "Based on the testimony of the vocational expert, the undersigned concludes that the claimant is able to perform past relevant work and she is capable of making a successful adjustment to other work that exists in significant numbers in the state and national economy." (R. at 20)  But that is not all the ALJ said.  After making the observation about the vocational expert's testimony, the ALJ recounted the testimony of the medical expert and the psychological evaluation of the plaintiff.  Then the ALJ said, "Based on the residual functional capacity, Dr. Kurtz's comprehensive psychological evaluation, and the claimant's statements to Dr. Kurtz that she believes she could perform sedentary work, the undersigned finds that the claimant is capable of performing past relevant work as a secretary." *Id.*  The ALJ further found that this conclusion was consistent with the Dictionary of Occupational Titles (DOT).  The DOT classifies secretarial jobs as sedentary and describes the job of Secretary 201.362-030 as follows:

> Schedules appointments, gives information to callers, takes dictation, and otherwise relieves officials of clerical work and minor administrative and business detail: Reads and routes incoming mail. Locates and attaches appropriate file to correspondence to be answered by employer. Takes dictation in shorthand or by machine [STENOTYPE OPERATOR (clerical) 202.362-022] and transcribes notes on typewriter, or transcribes from voice recordings [TRANSCRIBING-MACHINE OPERATOR (clerical) 203.582-058]. Composes and types routine correspondence. Files correspondence and other records. Answers telephone and gives information to callers or routes call to appropriate official and places outgoing calls. Schedules appointments for employer. Greets visitors, ascertains nature of business, and conducts visitors to employer or appropriate person. May not take dictation. May arrange travel schedule and reservations. May compile and type statistical reports. May oversee clerical

workers. May keep personnel records [PERSONNEL CLERK (clerical) 209.362-026]. May record minutes of staff meetings. May make copies of correspondence or other printed matter, using copying or duplicating machine. May prepare outgoing mail, using postage-metering machine. May prepare notes, correspondence, and reports, using word processor or computer terminal.

The burden is on the plaintiff to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the national economy. *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). The record shows that the ALJ did not exclusively rely on the vocational expert's testimony but considered the testimony of the plaintiff, the medical evidence and the DOT description of the plaintiff's past relevant work. The plaintiff has not shown that the residual functional capacity determination made by the ALJ precludes her from performing her past relevant work as a secretary either as she performed it or as it is generally performed in the national economy. If the ALJ's failure to set forth in his hypothetical question posed to the vocational expert all of the limitations of the ALJ's residual functional capacity determination was error, it was harmless. Substantial evidence supports the conclusion of the ALJ that the plaintiff can return to her prior relevant work. The Commissioner's decision will be affirmed. The court will enter a final, separate judgment.

Done this 28th day of July, 2011.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE